IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY BAKER, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | )   CIVIL ACTION NO. |
| | )   2:06-CV-201-MHT |
| | )         (WO) |
| RUSSELL THOMAS, SHERIFF, | ) |
| et al., | ) |
| | ) |
| Respondents. | ) |

## ANSWER

Come now Respondents in the above-styled cause, by and through the Attorney General for the State of Alabama, and in response to this Honorable Court's Order to Show Cause, state the following:

## PROCEDURAL HISTORY

1. Petitioner was convicted in Pike County District Court of harassment, in violation of Section 13A-11-8(a)(1)(a), Alabama Code (1975). He appealed to the circuit court for a trial de novo and, on March 1, 2005, he was again convicted of

harassment. Petitioner was sentenced to ninety days, suspended to serve thirty days followed by two years probation. (Exhibit "A")

2. On direct appeal, appellate counsel filed a motion to withdraw and a brief in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Petitioner thereafter filed a list of pro se issues. (Exhibit "B")

3. On August 19, 2005, in a memorandum opinion, the Alabama Court of Criminal Appeals stated that, after a thorough review of the record and Petitioner's issues, it could find no error that required reversal and affirmed the conviction. (Exhibit "C")

4. An application for rehearing was filed and overruled. (Exhibits "D" & "E") A petition for writ of certiorari and brief were filed, and on February 10, 2006, the Alabama Supreme Court denied the certiorari petition and a Certificate of Judgment was issued. (Exhibits "F" & "G")

**ARGUMENT**

5. All of the issues contained in the present federal habeas corpus petition were presented by Petitioner in his list of issues presented on appeal. The Alabama Court of Criminal Appeals announced that it had reviewed all of the issues and found them to be without merit. Title 28 U.S.C. § 2254 states that an application for a writ of habeas corpus shall not be granted with respect to any claim that was

adjudicated on the merits in state court proceedings. Therefore, the present habeas corpus petition should not be granted.

6. The appellate court found that Petitioner's counsel had filed a brief in compliance with Anders.

7. Petitioner challenges the sufficiency of the evidence and whether it was contrary to law. It is well established that this Court cannot grant a habeas action on this ground if any rational trier of fact could find guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979). Also, a state court's interpretation of its own laws provides no basis for federal habeas relief and is binding on federal courts. Beverly v. Jones, 854 F. 2d 412 (11th Cir. 1988).

8. Petitioner's claim of ineffective assistance of counsel seems to be based upon his own disagreement concerning trial strategy. Petitioner has failed in his burden of overcoming presumption that counsel's actions might have been sound trial strategy. Strickland v. Washington, 466 U.S. 668 (1984).

9. Petitioner next claims that the State struck potential jurors on the basis of race. The state court found that Petitioner had failed to make out a prima facie case regarding this issue. (Exhibit "A", R. 55) Batson v. Kentucky, 476 U.S. 79 (1986).

10. Petitioner alleges that the trial judge should have recused himself, but fails to show any actual bias of prejudice from an extrajudicial source.

11. Petitioner asserts that his sentence of ninety days suspended to thirty days is excessive; however, it is within the statutorily defined limits for a Class C misdemeanor. § 13A-5-7(3), Code of Alabama (1975).

12. Finally, Petitioner has failed to show he is "in custody" as required for federal habeas review. <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989).

## EXHIBITS

1. Exhibit "A" - Trial Record; CC-03-248; CR-04-1080;

2. Exhibit "B" - List of Issues; CC-03-248; CR-04-1080;

3. Exhibit "C" - Memorandum Opinion; CC-03-248; CR-04-1080;

4. Exhibit "D" - Application for Rehearing; CC-03-248; CR-04-1080;

5. Exhibit "E" - Notice, Application for Rehearing Overruled; CC-03-248; CR-04-1080;

6. Exhibit "F" - Petition for Writ of Certiorari and Brief; 1050121; CC-03-248; CR-04-1080;

7. Exhibit "G" - Certificate of Judgment; 1050121; CC-03-248; CR-04-1080.

        Respectfully submitted,

        Troy King (KIN047)
        *Attorney General*
        By-

        _____
        Cecil G. Brendle, Jr. (BRE005)
        *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April, 2006, I served a copy of the foregoing (excluding exhibits) on Baker, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

Jeffery Baker, Jr.,
1353 County Road 3348
Brundidge, AL 36010

_____
Cecil G. Brendle, Jr. (BRE005)
Assistant Attorney General

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130-0152
(334) 242-7401, 242-7357

116434/92599-001

EXHIBITS

TO THIS DOCUMENT

ARE NOT SCANNED.

THEY ARE FILED

IN CONVENTIONAL FORMAT

AND AVAILABLE FOR VIEWING

IN THE CLERK'S OFFICE.