IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION          2006 APR -6  A 9: 35

|  |  |  |
|---|---|---|
| JEFFERY BAKER JR, | * | |
| | * | |
| Petitioner, | * | |
| | * | Case No.  2:06-CV-201-MHT |
| vs. | * | |
| | * | |
| RUSSELL THOMAS, *et, al.*, | * | |
| | * | |
| Respondents., | * | |

## MOTION FOR DISCLOSURE OF ANY
## POSSIBLE BASIS OF JUDICIAL RECUSAL

COMES NOW Petitioner Jeffery Baker Jr, pro-se unlearned in law, respectfully and in good faith, and moves this court pursuant to the Canons of Judicial ethics; the First, Fifth and Fourteenth Amendments to the United States Constitution, to reveal any possible basis for judicial recusal. In support of the motion petitioner states as follows:

1.    Courts like Caesar's wife, must be not only virtuous but above suspicion. The public expects a judge to be a model of integrity and a paradigm of proper conduct. It is imperative to our system of justice that this model be untarnished by even the appearance of impropriety. A loss of confidence in the judiciary can only lead to diminished respect for the law. "If gold will rust, what shall iron do?"

2.    The question of disqualification is not weather a judge actually is biased, for a judge must be disqualified, without finding fault so that even the appearance of impropriety can be avoided. As the federal courts have held: Courts should only be impartial, but above suspicion of partiality. The question in not whether the judge is impartial in fact. It is simply whether another not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances. Disqualification is required if a reasonable person knowing all the circumstances, would harbor doubts about his impartiality.

3.    Therefore, even when this court may be sure that the court will strive to be impartial, disqualification is rightly required so that justice will satisfy the appearance of justice. <u>Offutt V. United States</u>, 348 U.S. 11, 1475 S. Ct.11, 99 LEd 11 (1954). This rule has been jealously guarded by the courts, fully realizing that this stringent rule may sometimes bar judges who have no bias and who would do their very best to weigh the scales of justice equally between contending parties.

4.    Nothing ill is imputed to anyone by a suggestion of disqualification. However, the protection of the integrity and dignity of the judicial process from any hint or appearance of bias is the palladium of our judicial system. Against this backdrop, and the unified attitude of the Court agencies within Middle District of Alabama, along with certain other issues, Petitioner respectfully moves that this Court consider any possible basis for his disqualification in this case.

5.      It cannot be left up to petitioner to assure that the judge is impartial, that duty rests upon the judge to act on any hint of impropriety. As the Georgia Supreme Court has held, there rests with the trial judge a duty to make "a disclosure on the record of any basis for recusal. Pope v. State, 256 Ga. 196, 214, 345 S.E. 2d 831, 847 (1986). Likewise the federal courts agree that there is "Placed on the judge a personal duty to disclose on the record any circumstances that may give rise to a reasonable question about his impartiality." United States v. Murphy, 768 F. 2d 1518, 1537 (7th Cir. 1985); accord SCA Services v. Morgan, 557 F. 2d 110,117 (7th Cir 1977);

6.      Some specific grounds for automatic recusation are set out in the Canons of Judicial Ethics, the law is clear that if any of the reasons set out in the Cannons exist, a court must recuse himself.

7.      First, petitioner shows the petition at bar challenges certain actions of a now Federal Judge setting in the Middle District of Alabama. Petitioner in the trial of the case subpoenaed Attorney General Bill Pryor; now he sitting on the Court of Appeals embracing the Middle District of Alabama. The case 2:06-cv-00201-WKW (a pike county attorney) was previously reassigned twice before assignment to this Honorable Judge. Without stating particulars, this Honorable Court previously recused in a case involving petitioner and the Court's "personal attorney" Mr. Malcolm Newman of Newman & Newman of Dothan, Alabama (see Houston County Case CV-97-509-A). Petitioner sought Removal of the case to the Middle District twice and was denied by this Honorable Court.

3

More extraordinary, United States Magistrate Judge, Vanzetta Penn McPherson is assigned the Magistrate Judge in all three (3) of petitioner's cases pending in the Middle District of Alabama and all three stem from Pike County Cases CC-03-248 and CC-03-249 (see Middle District Cases 2:06-CV-43-HWA, 2:06-CV-61-ID and 2:06-CV-201-MHT). The Record must disclose any circumstances that may give rise to Petitioner's reasonable question about the Court's impartiality. At the very least, the record must disclose how statistically improbable Magistrate Judge McPherson is consistently assigned petitioner's cases.

WHEREFORE, petitioner respectfully suggests that this Court consider whether any bases for recusal exist. If they do, Petitioner requests that they be made known to the parties so that the parties may properly evaluate whether a further motion to disqualify would be appropriate.

Date: April 5, 2006.

Jeffery Baker Jr., Petitioner
1357 County Road 3348
Brundidge, Al 36010
334-735-3548

4

## CERTIFICATE OF SERVICE

I hereby certify that I have this day, April 5, 2006 served the forgoing on the

Attorney of Record for the respondent in the above-styled cause by United States mail

with postage pre-paid and affixed thereto and properly addressed to him as follows:

Mr. Cecil G. Brendle Jr.,
Assistant Attorney General
11 South Union Street
Montgomery, Al 36130-0152

Jeffery Baker Jr,