IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY BAKER, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | ) CIVIL ACTION NO. |
| | ) 2:06-CV-201-MHT |
| | ) |
| RUSSELL THOMAS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## SUPPLEMENTAL ANSWER

Come now Respondents in the above-styled cause, by and through the Attorney General for the State of Alabama and in response to this Honorable Court's Order of April 11, 2006, file the following answer.

1. Respondents adopt, assert, and allege again the procedural history, facts, and arguments presented in Repondents' original answer.

2. Petitioner claims that his constitutional rights were violated because he was subjected to vindictive and/or selective prosecution.

3. Some selectivity in the decision of criminal offenses is constitutionally permissible and appropriate, and courts will normally tread lightly when reviewing

that decision. A petitioner seeking to establish impermissibly selective vindictive prosecution must meet a substantial burden. He must show both that (1) others who have committed the same acts have not been prosecuted, and (2) that the reason he was prosecuted was a constitutionally impermissible motive such as racial or religious discrimination or retaliation for his exercise of constitutional rights. U.S. v. Lamberti, 847 F.2d 1531, 1535 (11th Cir. 1988).

4. Petitioner has failed in his burden of proof. He does not allege that others who have committed the same acts have not been prosecuted. He merely alleges that his prosecution was in retaliation for his threats to bring charges against those government employees who were the victims of his crime.

5. A discriminatory purpose will not be presumed, there must be a showing of clear and intentional discrimination. Snowden v. Hughes, 321 U.S. 1, 64 S. Ct. 397, 88 L. Ed. 497 (1944). So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file, generally rests entirely in his discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Petitioner has not shown that the prosecutor abused his discretion in bringing charges against Petitioner as a result of his actions at the courthouse or that his prosecution was motivated by Petitioner's attempt to exercise constitutional rights.

2

6. Because Petitioner has failed in his burden of proof, the present habeas petition is due to be dismissed and denied.

>Respectfully submitted,
>
>Troy King (KIN047)
>*Attorney General*
>By-
>
>
>/s/Cecil G. Brendle (BRE005)
>Cecil G. Brendle, Jr. (BRE005)
>*Assistant Attorney General*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document, along with the previously filed Answer, to the following non-CM/ECF by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

Jeffery Baker, Jr., 1357 County Road 3348, Brundidge, AL 36010.

/s/Cecil G. Brendle, Jr. (CGB005)
Cecil G. Brendle, Jr. (CGB005)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL 36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: cbrendle@ago.state.al.us

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130-0152
(334) 242-7401, 242-7357

125024/92599-001