IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFERY BAKER JR, \*

Petitioner, \*

vs.   2:06-CV-201-MHT

RUSSELL THOMAS, et, al., \*

Respondents, \*

## PETITIONER'S REPLY TO RESPONDENTS ANSWER

Comes now the Petitioner, pro-se, unlearned in law; subject to error, respectfully, and in good faith to respond to Respondents' original and supplemental answers filed April 3, and April 25, 2006, respectively. In accordance with the Magistrate's Order issued April 27, 2006, petitioner's responds as follows:

## CORRECTED PROCEDURAL HISTORY

1. With the recusals of all District Court Judges in the Twelfth Judicial Circuit of Alabama, the Presiding Circuit Judge re-assigned the case to himself (CR. 105). Subsequently, the district attorney and all assistant district attorneys withdrew from the prosecution (CR. 71). The misdemeanor complaint was reassigned to District Attorney, Boyd Whigham, of the third judicial Circuit of Alabama. Petitioner was thereafter convicted in the Pike County District Court of harassment under Alabama Code §13A-11-8 (a) (1) (a). Petitioner appealed the District Court's conviction to the Circuit Court for a jury trial de novo. On appeal to the Circuit Court of Pike County, all circuit judges recused (CR. 185-86). The Alabama Supreme Court reassigned the case(s)

to Presiding Judge, Larry K. Anderson, of the 20th judicial Circuit, Houston County, Alabama. Petitioner's trial de novo commenced on February 23, 2004, (CR. 255). Without the assistance of counsel and without Petitioner's testimony, at the conclusion of Petitioner's "first" Circuit Court trial de novo, the jury was hopelessly deadlocked and a mistrial was declared, (see USDCMDA Case No. 2:06-CV-061-ID). Petitioner was retried February 28, 2005, with court appointed attorney and was convicted of the harassment March 1, 2006. Petitioner was sentenced to "hard labor" for Pike County for a term of ninety days, all but 30 days suspended (CR. 528). The said sentence was suspended for two (2) years on the condition of good behavior and payment of all fines, costs, and restitution, "but for the 30 days hard labor.

    2.    Petitioner filed notice of appeal and timely filed post-trial motion for new trial, (CR. 551-558). The motion for new trial was denied April 19, 2005 (CR. 570). Petitioner submitted the Reporters transcript order form designating the proceedings to be transcribed in his appeal, (RR. 01, CR. 559). The Petitioner was appointed New Appellate Counsel, (CR. 567) in the appeal. The appointed appellate counsel, without the designated records on appeal, filed brief tracing the language of Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). The Court of Criminal Appeals ordered Petitioner to filed a list of issues in accordance with *Anders*; however, petitioner sought the supplementation and/or amendments to the record on appeal omitted by appellate counsel, (Petitioner's Exhibit # 1 Attached). The court denied petitioner's motion for supplementation and amendments June 22, 2005, and pursuant to the court's order issued June 15, 2005, petitioner submitted to the court's order to list the issues in the appeal. The court's order of June 15, 2005, specifically noticed petitioner, "if by July

6, 2005, the appellant fails to identify any additional issues or points to be considered on appeal, the Court will then determine what action should be taken pursuant to <u>Anders v. State of California</u>, and will notify the appellee when and if a brief will be required" (Petitioner's Exhibit # 1).

    3.    On August 19, 2005, the Court of Criminal Appeals issued a memorandum opinion (Respondents Exhibit C), stating, "After a thorough review of the record they could find no error that requires reversal and thereby affirmed petitioner's conviction.

    4.    Petitioner's Rehearing petition was denied (Respondents Exhibit D & E) and Petitioner sought Certiorari in the Alabama Supreme Court.

    **Please take judicial notice:** In their answer, Respondents suggests the Supreme Court denied Petitioner's petition for writ of certiorari and supporting brief, stating, " A petition for writ of certiorari "and brief" were filed, and denied February 10, 2006, (Respondent Answer p.g. 2). Petitioner shows his brief in support of the petition for writ of certiorari was stricken by the Supreme Court pursuant to the order dated October 24, 2005, (Petitioner's Exhibit #2). Petitioner's petition for writ of certiorari without supporting argument was denied February 10, 2006, in the Alabama Supreme Court.

    5.    The Court of Criminal Appeals issued the Certificate of Judgment February 10, 2006, and Petitioner surrendered himself to the Pike County Sheriff in accordance with the terms and conditions set forth in his appeal bond (CR. 533). Petitioner filed this instant petition for habeas corpus relief in the United States District Court March 1, 2006.

6. Petitioner hereby adopts his petition for habeas corpus with supporting memorandum and incorporates the same herein as if fully set out in this Response.

## GROUND ONE

7. Respondents assert the appellate court found that Petitioner's counsel had filed a brief in compliance with *Anders*, despite this assertion; Respondents must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitation, *Rule 5 (b), Rule Governing Section 2254 Cases*. Furthermore, this Honorable Court required Respondents answer to specifically identify to the court the Supreme Court authority on which the state court relied in adjudicating Petitioner's claims:

> "If Respondents contend, therefore, that this court is precluded from granting habeas relief because claims raised by Petitioner have been properly adjudicated by the state courts in accordance with clearly established Supreme Court precedent, Respondents must identify to this court the Supreme Court authority on which the state court relied in adjudicating Petitioner's claims and the decision of the state court on <u>each claim</u>."

> "Moreover, if petitioner has not raised his federal claims in the state courts and has an available state court remedy wherein he may present such claims, Respondents shall identify the remedy available to Petitioner."

Respondents' answer clearly asserts all of the petitioner's claims had been reviewed and denied on the merits. Respondents answer fails to address the claim in ground one of the habeas petition as required by this Court directive(s) issued March 14, 2006, and Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Despite Respondents assertion, Criminal defendant has a right to record on appeal which includes complete transcript of proceedings at trial, U. S. v. Cashwell, 950 F. 2d

4

699 (11th Cir. 1992). At the very least, the absence of counsel's arguments denied petitioner a meaningful direct appeal. It is clear, based upon the evidence adduced at the trial, no reasonable person could have found Petitioner guilty beyond a reasonable doubt, but for counsels arguments. Additionally, an *Anders attorney* does not fulfill his obligation, where as here, when the complete record is not examined for errors. In U.S. v. Clark, 944 F. 2d 803 (11th Cir. 1991), the court held: "without complete record court of appeals could not make critical determination whether appeal was sufficiently frivolous." Here, appellate counsel's *Anders* brief lacks the conscientious examination of the record required by clearly established federal law, *Anders v. California*, 386 U.S.738, S.Ct. 1396, 18 L. Ed. 2d 493 (1967). Appellate counsel was appointed by the Court of Criminal Appeals after Petitioner's trial lawyer withdrew (CR. 561). Petitioner was forced to fend for himself in all the post-trial matters and properly requested the Transcript (ARAP form 1C) which designated the argument of counsel(s), (RR. 01, CR. 559-560). In accordance with U.S. v. Osorio-Cadavid, 955 F. 2d 686 (11th Cir. 1992), "appellate counsel's *Anders* brief inadequate where omitted portions of trial record had never been ordered transcribed" (. . .). Unlike *Osorio-Cadavid*, Petitioner properly designated the record to be transcribed, additionally; the petitioner rightly sought the supplementation and/or amendments to the record, prior to the court's determination (Petitioner's Exhibit #3). Next, in making the critical determination, that, "we have not found any error that requires reversal, the state appellate courts used an unreasonable application of clearly established Federal law, as determined by the United States Supreme Court in *Anders v. California*, 386 U.S.738, S.Ct. 1396, 18 L. Ed. 2d 493 (1967).

Moreover, Respondents Supplemental Answer, assert, "petitioner failed in his burden of proof, and that the Petitioner "does not allege that others who have committed the same acts have not been prosecuted, he (petitioner) merely alleges that his prosecution was in retaliation for his threats to bring charges against those government employees who were the victims of his crime." The Supplemental Answer does not allege that after a thorough review of the record, the issue was not preserved or is not arguable on the merits, but, rather, petitioner failed to assert sufficient proof. Likewise, Respondents' original answer, argues, "Petitioner's claim of ineffective assistance of counsel seems to be based upon petitioner's own disagreement concerning trial strategy. Petitioner has failed in his burden of overcoming presumption that counsel's action might have been sound trial strategy. Even so, It is "through counsel that all other rights of the accused are protected" Penson v. Ohio, 109 S. Ct. 346, 352 (1988). Anders established that a criminal appellant may not be denied representation on appeal based on appointed counsel's bare assertion there is no merit to the appeal. An *Anders* counsel must point to anything that might arguably support the appeal. What is required is a thorough brief that reveals counsel's conscientious examination of the facts and law involved in the direct appeal. Consequently, appellate counsel's analysis based upon an incomplete record, is held inadequate in accordance with *Anders v. California*, 386 U.S.738, S.Ct. 1396, 18 L. Ed. 2d 493 (1967). Based upon the above, the state court's rejection of the claim is an unreasonable application Federal Law as established by the United State Supreme Court in *Anders v. California*. 28 U. S. C. §2254 (b) (1)

## GROUNDS TWO AND THREE

8. Respondents assert, "it is well established that this court cannot grant a habeas action on the sufficiency ground(s) if any rational trier of the facts could find guilt beyond a reasonable doubt." In addition, a state court's interpretation of its own laws provides no basis for federal habeas relief and is binding on federal courts. <u>Jackson v. Virginia</u>, 433 U. S. 307 (1979); <u>Beverly v. Jones</u>, 854 F. 2d 412 (11th Cir. 1988). As a critical consideration, it appears Respondents is alleging petitioner did not raise the federal constitutional claims in the state Courts. However, according to <u>Wright v. Secretary for the Dept. of Corrections</u>, 278 F. 3d 1245 (11th Cir. 2002), the state courts rejection of petitioner's claims is completely premised on clearly established Federal law as determined by the United State Supreme Court in *Anders v. California*, 386 U.S.738, S.Ct. 1396, 18 L. Ed. 2d 493 (1967). Thusly, Respondents assertion, that a state court's interpretation of its own laws provides no basis for federal habeas relief and is binding on federal courts is contrary to the state court's rejection of petitioner's claims, as such, is misplaced in this instant habeas petition. Moreover, Petitioner's state appellate papers and the Respondents Exhibit "A" contradicts Respondents bare assertion. The record affirmatively shows the Constitutional insufficiency of the evidence claim was well presented and rejected throughout the state courts, (Respondent Exhibit "A" @ CR. 220-222, 223-225, and 229-246, 249-253). Additionally, petitioner's Rehearing argument fairly presented the Federal Constitutional claim.

**Please take judicial notice, Respondents Exhibit "D"- Application for Rehearing; CC-03-248; CR-04-1080;** Petitioner's argument in support of the application for Rehearing is by separate document, which appears to be missing from

Respondents list of Exhibits. Petitioner's submitted exhibits with his petition for habeas corpus, which was returned by the United State Clerk for the Middle District of Alabama, that included petitioner's argument in support of the Rehearing. Additionally, petitioner's Brief in support of certiorari was stricken (Petitioner's Exhibit 2).

Nonetheless, Federal habeas Courts . . . . Will assume that state courts do understand clearly established federal law, as determined by the Supreme Court of the United States, *Wright.* In re Winship, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970), the United States Supreme Court established proof beyond a reasonable doubt as an essential of Fourteenth Amendment due process. Further, "Under 28 U.S.C. §2254, a federal court must entertain a claim by a state prisoner that he or she is being held in violation of the constitution or laws or treaties of the United States, *Jackson.* A state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim. Thusly, petitioner's state remedies have been exhausted and there is no other independent and adequate state grounds available, (Respondents' Answer) it follows that Petitioner claim(s) regarding the sufficiency of the evidence is cognizable in a federal habeas corpus proceeding. The relevant question, then, is, whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt. Accordingly, under § 2254(d) (1)'s unreasonable application clause, it is the objective reasonableness, not the correctness *per se*, of the state court decision this Honorable Court is now asked to decide. Because the adjudication of the claim resulted in a decision that is based on an unreasonable

determination of the facts in light of the evidence presented in the State Court proceedings, it cannot constitutionally stand. In a federal habeas corpus proceeding in which a state prisoner challenges sufficiency of evidence supporting the conviction, prisoner is entitled to a determination whether the record evidence could support a finding of guilt beyond a reasonable doubt, <u>Moore v. Duckworth</u>, 443 U.S. 713, 99 S. Ct. 3088, 61 L. Ed. 2d 865 (1979); 28 U.S.C. §2254. Since the state appellate courts rejected petitioner's sufficiency claims under *Anders*, this Honorable Court should accord petitioner with an objectively reasonable determination whether the record evidence could support the state court(s) findings.

## GROUND FOUR

9. Respondents assertion "Petitioner's claim of ineffective assistance of counsel seems to be based on petitioner's disagreement concerning trial strategy failed in overcoming the presumption that counsel's actions might have been sound trial strategy. <u>Strickland v. Washington</u>, 466 U. S. 668 (1984). Despite Respondents assertion, in any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in light of all the circumstances. In short, inquiry into counsel's conversations with the petitioner is critical to a proper assessment of counsel's investigation decision, just as it is critical to a proper assessment of counsel's other litigation decisions. In <u>United States v. Docster</u>, 624 F. 2d. 196 (1976), the Court held: " For reversal on ground of ineffective assistance of counsel, it is necessary for accused to show only that counsel's deficiency "likely deprived him of an otherwise available, substantial ground of defense. Counsel's decision not to call witnesses who contradicts the prosecution's case in chief likely deprived petitioner of a substantial defense. The

same decision "likely" deprived Petitioner of favorable witnesses whom have no sake in the outcome. Additionally, "on direct appeal, once accused has demonstrated likelihood that counsel's inadequacy affected outcome of trial, burden passes to government, and conviction cannot survive unless government demonstrates that conviction is not tainted by deficiency, and that no prejudice resulted." Respondents have failed to demonstrate petitioner's conviction is not tainted by counsel's deficiency and that no prejudice resulted. Respondents bare allegation that counsel's actions might have been sound trial strategy falls far short of addressing petitioner's factual contentions. The Court must inquire into counsel's conversations with the defendant for a proper assessment of counsel's investigation as well as to properly assess counsel's other litigation decisions, *Strickland*. At the bare minimum, an evidentiary hearing is required under Rule 8 of the Rules governing *28 U.S.C. §2254* petitions in the United States District Courts. According to Townsend v. Sain, 372 U.S. 83 (1963), " A federal court must grant an evidentiary hearing to the petitioner, if (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact finding procedure employed by the state court was not adequate to afford a full and fair hearing. Any one of the above is easily satisfied with a review of Petitioner's petition and Respondents Exhibit "A." Furthermore, according to *Townsend*:

> "There cannot even be the semblance of a full and fair hearing unless the state court actually reached and decided the issue of fact tendered by the defendant. Thus, if no express findings of fact have been made by the state court, the District Court Must initially determine whether the state court has impliedly found material facts. No relevant findings have been made unless the state court decided the constitutional claim tendered by the defendant on the merits" Townsend v. Sain, 372 U.S. 83 (1963).

Consequently, according to Rule 8 (a) of the Rules governing *28 U.S.C. §2254* cases, where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of trial or in a collateral proceeding. At the very least, Appellate counsel's *Anders* brief lacks a conscientious examination of the complete record as required by clearly established federal law, *Anders v. California*, 386 U.S.738, S.Ct. 1396, 18 L. Ed. 2d 493 (1967). In addition, the state courts determination(s); without complete records is an "objectively unreasonable" application of clearly established Federal law, as determined by the United States Supreme Court in *Anders v. California*.

## GROUND FIVE

10. Respondents Supplemental Answer address Petitioner's claim his constitutional rights were violated because he was subjected to vindictive and/or selective prosecution. Contrary to Respondents Supplemental assertion, Respondents' Exhibit "A" amply supplants Respondents bare assertion. Petitioner's affidavits in support of petitioner's pre-trial motion(s) specifically comport to U.S. v. Lamberti, 847 F. 2d 1531, 1535 (11th Cir. 1988); see (Respondents Exhibit "A" at CR. 229-246, 263-268, and 570). Petitioner's brief(s) and argument(s) in support of his Petition for Rehearing and in argument in support of writ of certiorari supplants respondents assertion. Furthermore, "personal vindictiveness" on the part of a prosecutor or responsible member of the administrative agency recommending the prosecution suffice to satisfy the second element of the showing, United States v. Bourque, 541 F. 2d 290, 293 (1st Cir. 1976); Moss v. Hornig, 314 F. 2d 89 (2nd Cir. 1963). The documented support for the vindictive

and/or selective prosecution claim is unchallenged, (Respondents Exhibit A. The record is void of any ruling or hearing(s) on Petitioner's vindictive and/or selective prosecution claim; supported by affidavit(s) (CR. 229-235). The record affirmatively shows, petitioner was singled out for prosecution although the initial aggressor, called by his name and rank, committed the same act but was not so prosecuted. In fact, Petitioner goes further and details the provoking conduct of law enforcement officers to procure probable cause for an arrest the day of the incident. Petitioner details the warrant magistrate, Brenda M. Peacock. The record shows the recusals of all judges in the 12th judicial circuit. Additionally, the district attorney and his role in bring about the charges and then withdrawing his staff and the District Attorney's office from further degradation, amply meet Owen v. Wainwright, 806 F. 2d 1519 (11th Cir. 1986); see also United States v. Mulherin, 710 F. 2d 731 (11th Cir. 1983), which held, "due process principles bar government from invoking judicial process to obtain conviction."

Rule 8 of the Rules governing *28 U.S.C. §2254* cases, requires, where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of trial or in a collateral proceeding. Respondents Exhibit "A" (CR. 229-246) fails to show Petitioner received a full and fair evidentiary hearing in a state Court, either at the time of trial or in a collateral proceeding. Respondent Answer and Exhibit "A" at (CR. 263-268) shows Petitioner's numerous solemn prayers for relief. Respondents bare allegation that the Petitioner "merely alleges that his prosecution was in retaliation for his threats to bring charges against those government employees who were the victims of his crimes" is contrary to, and, is not supportable by the record as a whole. According to

<u>Townsend v. Sain</u>, 372 U.S. 83 (1963), " A federal court must grant an evidentiary hearing to the petitioner, if (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact finding procedure employed by the state court was not adequate to afford a full and fair hearing. Three of the particulars set forth in *Townsend v. Sain* are easily discernable. Accordingly, "If the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of trial or in a collateral proceeding." Respondents Answer(s) and Exhibit "A" clearly shows, Petitioner did not receive hearing on the constitutional claim in the trial court (CR. 229-246, 263-268, 570), and the case was summarily affirmed by Memorandum Opinion, (Respondents Exhibit "C" & "F"). The merits of the factual dispute were not resolved in the state proceedings. Additionally, Respondents supplemental answer and the factual determination are not supported by the record as a whole. More importantly, the fact-finding procedure employed here by the state courts were not adequate to afford a full and fair hearing, because the state appellate determination is based upon incomplete records and rejected by clearly established law of the United States Supreme Court in *Anders*, (see ground one above). At the least, this Honorable Court must conduct an evidentiary hearing to resolve disputed factual contentions. Otherwise, the Court may grant the appropriate relief without a hearing, in any event, the petitioner is entitled to federal habeas relief. It is so prayed and respectfully sought.

## GROUND SIX

11.     Respondents contend the state court found the Petitioner had failed to make out a prima facie case regarding <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986). Contrary to Respondents contention, the *Batson* decision holds, "a black defendant alleging that members of his race have been impermissibly excluded from the venire may make out a prima facie case of purposeful discrimination by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose. The prosecutor in this case, exercised peremptory challenges to remove from the venire members of the petitioner's race. More specifically, 10 of the 18 strikes were based on race. The prosecutor failed to elicit from the venire during voir dire any race-neutral reasons for striking the black veniremen, which raise the inference that the prosecutor used his peremptory challenges to exclude or strike black veniremen from the petite jury on account of their race. Additionally, the Supreme court noted, "in cases involving the venire, the court has found a prima facie case on proof that members of petitioner's race were substantially underrepresented on the venire from which his jury was drawn. Thusly, petitioner may make a prima facie showing of purposeful racial discrimination in selection of the venire by relying solely on the facts concerning its selection. The record before the court shows the prosecutor struck 10 black veniremen born before 1977 and the only remaining black veniremen were government's employees and/or their spouses. Each of the remaining black veniremen were related to government employment and born after 1977. The Petitioner may establish a prima facie case of purposeful discrimination in selection of the petit jury sole on the evidence concerning the prosecutor's exercise of peremptory challenges at the trial. Petitioner is entitled to rely on the fact, of which there is no

dispute, that the peremptory challenges constitute a jury selection practice that permits those to discriminate who are of a mind to discriminate, Avery v. Georgia, 345 U. S. 599 (1953). Petitioner is a member of the racial group and the prosecutor exercised peremptory challenges to remove members of petitioner's racial group from the jury selection.

## GROUND SEVEN

12.     Respondents assert, Petitioner alleges that the trial judge should have recused himself, but that he failed to show any actual bias of prejudice from an extrajudicial source. Despite the Respondents assertion, this Court's order issued March 14, 2006, required Respondents to identify the Supreme Court authority on which the state court relied in adjudicating Petitioner's claims and the decision of the state court on each claim. Respondents answer contends, Title 28 U.S.C §2254 states that an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in the state court proceedings. Nevertheless, Respondents answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitation, *Rule 5 (b), Rule Governing Section 2254 Cases.* Respondents' answer clearly asserts all of petitioner's claims had been reviewed and denied on the merits. Respondents answer fails to address the Petitioner's claim as required by this Court's directive(s) issued March 14, 2006, and Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts.* Petitioner's factual contention regarding ground seven is not disputed by Respondents answer. The merits of the factual dispute were not resolved in the state court proceedings. If the facts are in

dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of trial or in a collateral proceeding. Moreover, Petitioner's claim set forth the actual "bias of prejudice from an extrajudicial source."

## GROUND EIGTH

13. Respondents assert, petitioner's sentence of ninety days suspended to thirty days followed by two years probation with fines and costs over $1100 is within the statutorily defined limits for a class C misdemeanor. Nevertheless, vindictiveness on the part of the judge is unconstitutional. The Unites States Supreme Court held: "Whenever judge imposes more severe sentence upon defendant whose original conviction had been set aside at his behest, judge's reasons for doing so must affirmatively appear and must be based upon "<u>objective information concerning identifiable conduct</u>" on part of defendant occurring after time of original sentencing and factual data upon which increased sentence is based must be made part of record so that constitutional legitimacy of increased sentence may be fully reviewed on appeal."

Additionally, the court reasoned, Where at behest of petitioner, state criminal conviction had been set aside, unexplained threefold increase in punishment in new sentence violated due process clause, <u>North Carolina v. Pearce</u>, 395 US 711 (1969). The difference between Petitioner's sentences from the district court to the trial(s) de novo is a fourfold increase in punishment. The Trial court abused his discretion in a clear attempt, not to punish petitioner for the gravity of the offense, but, rather for matters outside the alleged offense. A reading of the sentencing hearing shows the judge statement(s): petitioner "is almost a Dr. Jekyll and Mr. Hyde" "that when you think that

there's some kind of grand conspiracy against you, when somebody ruffles your fathers, you want to go off and "sue them" or go off and file a complaint or you want to take it to the limits (RR. 310). There is no evidence adduced at trial that remotely suggests Petitioner is a "Dr. Jekyll or Mr. Hyde" nor were there any evidence adduced at trial of any lawsuits. However, the prosecutor did inflame Petitioner's jury in his opening and closing statements; detailing how important the case was to the prosecution due to possible lawsuits and such, if the jury did not return a guilty verdict. However, as stated above, the designated transcript is not made part of the record for review. Petitioner is subjected to Excessive Sentence in violation of the Eight Amendment to the United States Constitution. Cleary, the sentence is meted out for the sole purpose of humiliating petitioner rather than proper administration of justice for an alleged nudge or body push during an altercation initiated by the alleged victim. Petitioner's fines and costs exceed $1100, according to the Eight Amendment, excessive fines shall not be imposed, nor cruel and unusual punishments inflicted. Petitioner is unable to find any case law in Alabama cases where a sentence is imposed under the circumstances that exceed the Petitioner's sentence and costs imposed.

FINALLY, Respondents contends, "Petitioner has failed to show he is in custody as required for federal habeas review." Maleng v. Cook, 490 U. S. 488, 490 (1989). Despite Respondents bare contention, Respondents offer no evidence that the in custody requirement for issuance of habeas in the United States District Courts is not satisfied. Based upon the forgoing, Petitioner is entitled to an evidentiary hearing to resolve the factual disputes. Petitioner Respectfully urges this Honorable Court to proceed under its Rules and grant the appropriate relief. It is so prayed and submitted in good faith.

## EXHIBITS

Exhibit 1-    Court of Criminal Appeals Order denying motion to supplement record; CC-03-248; CR-04-1080

Exhibit 2-    Supreme Court Order striking Brief; CC-03-248; CR-04-1080, 1050121

Done this 16th day of May 2006.

*/s/ Jeffery Baker Jr.*
Jeffery Baker Jr., Petitioner
1357 County Road 3348
Brundidge, Alabama 36010
334-735-3548

## CERTIFICATE OF SERVICE

I hereby certify that I have this day, May 16, 2006, served the forgoing Response (excluding exhibits) on the Attorney of Record for the Respondents, by placing the same in the United States mail, with postage pre-paid and affixed thereto, and properly addressed as follows:

Mr. Cecil G. Brendle Jr.,
Assistant Attorney General
11 South Union Street
Montgomery, Al 36130-0152

*/s/ Jeffery Baker Jr.*
Jeffery Baker Jr,