# IN THE SUPREME COURT OF ALABAMA

October 24, 2005

**EXHIBIT # 2**

**1050121**

Ex parte Jeffery Baker. PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Jeffery Baker v. State of Alabama)   (Pike Circuit Court: CC03-248; Criminal Appeals : CR-04-1080).

## ORDER

IT IS ORDERED that the brief in support of the petition for writ of certiorari filed in this cause is stricken as prematurely filed.  See Rules 39(b)(4) and 39(g)(1), Alabama Rules of Appellate Procedure (amended effective June 1, 2005).

The amended Rules of Appellate Procedure can be found at the beginning of the Southern Reporter, Second Series, volume numbered 888-890 or at the Alabama Supreme Court website: www.judicial.state.al.us.  Click "Rule Changes" for a list of recent rule amendments, including amendments to Rule 39.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.
Witness my hand this 24th day of October 2005

Clerk, Supreme Court of Alabama

cc:
Jeffery Baker, Pro Se
Hon. Troy R. King, Attorney General

/ag

# IN THE SUPREME COURT OF ALABAMA

October 24, 2005

**1050121**

Ex parte Jeffery Baker. PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (In re: Jeffery Baker v. State of Alabama) (Pike Circuit Court: CC03-248; Criminal Appeals : CR-04-1080).

## NOTICE

The notice sent to you by this office advising you that the brief in support of your petition was stricken, Rule 39(b)(4) of the Alabama Rules of Appellate Procedure, as amended (effective June 1, 2005), states "no brief shall be filed by the petitioner or the respondent before the writ issues unless ordered by the Court. ... Briefs filed in disregard of this subsection will be stricken." If your petition is granted and the writ is issued, your brief will be submitted to the Court for consideration along with your petition.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 24th day of October 2005

Clerk, Supreme Court of Alabama

cc:
Jeffery Baker, Pro Se
Hon. Troy R. King, Attorney General

/ag

SC No. <u>1050121</u>

# IN THE SUPREME COURT OF ALABAMA

JEFFERY BAKER JR.,
Appellant

vs.
STATE OF ALABAMA.,
<u>Appellee</u>

On Appeal from the Circuit Court of
Pike County, Alabama
Case No. CC-2003-248

In The Court of Criminal Appeals of Alabama
CR-04-1080

**MOTION TO SUSPEND THE RULES
MOTION TO SUBSTITUTE THE PETITION (S)
ALTERNATIVELY MOTION TO AMEND THE PETITION FOR WRIT**

SUBMITTED BY:

Jeffery Baker Jr, Petitioner
1353 County Road 3348
Brundidge, Alabama 36010
334-735-3548

Comes your petitioner, Jeffery Baker, pro-se, unlearned in law subject to error, respectfully, and in good faith, and moves this Honorable Court to suspend the rules pursuant to the Alabama Rules of Appellate Procedure, Rule 2 (b); allow petitioner to substitute his brief in support of petition for the petition for the writ, alternatively, allow petitioner substitute the petition with another, or allow amendments to the petition to conform to the amendments to Rule 39 effective as of June 1, 2005, as grounds, your petitioner shows the following:

1. On October 21, 2005, the petitioner, through an inadvertence overlooked the amendments to Rule 39 however, timely submitted the petition for writ of certiorari accompanied by the initial brief in support of petition pursuant to the old Rule 39 (f).

2. On October 24, 2005, the court issued order and notice striking petitioner's brief in support of the petition for writ of certiorari, citing the Rule changes to Rules 39 (b) (4) and Rule 39 (g) (1), effective as of June 1, 2005.

3. Petitioner inadvertently used old Rule 39 in perfecting the petition for the writ, accordingly The brief in support of petition accompanied the petition which is not stricken by the amendments of June 1, 2005.

4. Petitioner is indigent, without assistance of counsel, and lacks the resources and legal knowledge to research and to stay current with the technical Rules. The oversight was made without any disrespect of the procedural Rules or the court but in the reliance on the outdated Rule 39.

5. Petitioner will be prejudiced if the court does not consider the argument in support of petition because the petition for writ lacks argument and the brief in support of the petition is needed to amplify the grounds relied on for the Court's allowance of the writ. If the court strikes petitioner's brief, the probability of merit will be nil and the Court and petitioner will be deprived the chance to correct the mistakes misapprehended and/or overlooked in the courts below.

6. The amendment, Rule 39 (b) (4) provides for Review of Decisions of the Court of Civil Appeals and Rule 39 (c) provides for review by petition for writ of Certiorari of Decisions of the Court of Criminal Appeals, which has no sub-section regarding unauthorized briefs, the technical rule will not be offended by the granting of relief requested. Additionally, pursuant to Rule 39 (g) (1) petitioner will not be able to request a rehearing because the petition for the writ of certiorari, in its current format, stands a good probability of being denied and as the brief in support is already stricken, the court may not reach the probability merit, complained of.

7. The Court has the jurisdiction to grant relief pursuant to the timely filing of the petition for the writ and where petitioner maybe unjustly deprived of his liberty and the important issues that are arguable and preserved will go unchallenged by Supreme Court review.

WHEREFORE, Petitioner respectfully moves this Honorable Court to suspend the rules and allow the petitioner reasonable time, in accordance with the

3

Case 2:06-cv-00201-MHT-WC    Document 18-3    Filed 05/17/2006    Page 6 of 12

directions of the court, to correct the petition with concise and amplified argument to conform to the recent amendment to Rule 39 for consideration, alternatively, grant the substitution of the petition with another, or to substitute the petition with the brief in support that accompanied the petition for the writ of which is in substantial conformity to Rule 39. Such is in the best interest of justice and will not prejudice the parties but will allow a fair chance of review of important questions. It is so prayed and respectfully submitted in good faith.

Done this the 27th day of October 2005.

Jeffery Baker Jr, Petitioner
1353 County Road 3348
Brundidge, Al 36010
334-735-3548

## CERTIFICATE OF SERVICE

I hereby certify that I have this day, October 27, 2005, served the forgoing motion to suspend the rules upon the Alabama Attorney General with postage pre-paid and affixed and properly addressed as follows:

Hon: Troy King Attorney General,
State of Alabama
11 South Union Street
Montgomery, Alabama 36130

Jeffery Baker Jr,

4

# SUPREME COURT OF ALABAMA

ROBERT G. ESDALE
 CLERK
LYNN KNIGHT
 ASSISTANT CLERK

OFFICE OF THE CLERK
300 DEXTER AVENUE
MONTGOMERY, AL 36104-3741
(334) 242-4609

November 1, 2005

Mr. Jeffery Baker, Jr.
1353 County Road 3348
Brundidge, Alabama 36010

RE: Motion filed on October 27, 2005 in 1050121

Dear Mr. Baker:

    Our records indicate that on October 24, 2005, this office mailed a notice to you that contained the following sentence: "If you petition is granted and the writ is issued, your brief will be submitted to the Court for consideration along with your petition." Therefore, the motion filed by you on October 27 has been denied as moot.

                              The Clerk's Office



# IN THE SUPREME COURT OF ALABAMA

November 1, 2005

**1050121**

Ex parte Jeffery Baker. PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Jeffery Baker v. State of Alabama)   (Pike Circuit Court: CC03-248; Criminal Appeals : CR-04-1080).

## NOTICE

Petitioner's motion to suspend the rules is denied as moot.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.
Witness my hand this __1st__ day of __November  2005__

*Robert G. Esdale, Sr.*
Clerk, Supreme Court of Alabama

cc:
Hon. Troy R. King, Attorney General

/ag

SC No. <u>1050121</u>

# IN THE SUPREME COURT OF ALABAMA

**JEFFERY BAKER JR.,**
Petitioner

vs.

**STATE OF ALABAMA.,**
Respondent

---

On Appeal from the Circuit Court of
Pike County, Alabama
Case No. CC-2003-248

In The Court of Criminal Appeals of Alabama
CR-04-1080

---

### MOTION FOR RECONSIDERATION

---

**To A Justice Of The Supreme Court Of Alabama:**

Comes your petitioner, Jeffery Baker, pro-se, unlearned in law subject to error, respectfully, and in good faith, and moves this Honorable Court for Reconsideration of its notice issued November 1, 2005, denying petitioner's Motion To Suspend The Rules, Motion to substitute his brief in support of petition for the petition for the writ, alternatively, Motion to allow petitioner to substitute the petition with another, or allow amendments to the petition to conform to the

amendments to Rule 39 Ala. Rule App. Proc. effective as of June 1, 2005, as grounds, your petitioner shows the following:

1. On October 27, 2005, your petitioner filed the following motion(s), <u>Motion to suspend the Rules</u>, <u>Motion to Substitute the Petition(s)</u>, <u>Alternatively, Motion to Amend the Petition for the Writ</u>.

2. On November 1, 2005, the Court issued notice that the Petitioner's motion to suspend the rules is denied as moot, along with a letter that states:

> "Our records indicate that on October 24, 2005, this office mailed a notice to you that contained the following sentence: "If you petition is granted and the writ is issued, your brief will be submitted to the court for consideration along with your petition." Therefore, the motion filed by you on October 27 has been denied as moot."
>
> The Clerk's Office

3. According to Rule 39 (b) (4), Review by petition for Writ of Certiorari of Decisions of the <u>Court of Civil Appeals</u> as amended effective June 1, 2005, "No briefs shall be filed by the petitioner or the respondent before the writ issues unless ordered by the court." The Rule also provides that briefs filed in "disregard of the subsection will be stricken."

4. According to Rule 39 (c) (6), as amended June 1, 2005, a direct and concise argument amplifying the grounds relied on for allowance of the writ is required. Nevertheless, the Court's order issued October 24, and November 1, 2005 respectively strikes petitioner's argument and places petitioner's petition at peril of disallowance because petitioner's argument was inadvertently misconstrued in a separate brief in accordance with the old Rule 39 (f).

2

5.  According to the scope of the Appellate Rules; "the rules shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits" (ARAP Rule 1). Your Petitioner shows that the Rules are not so ridged and/or legalistically constructed so as to prevent your petitioner from presenting argument amplifying the grounds relied on for allowance of the writ that was inadvertently omitted and/or misconstrued.

6.  Your petitioner shows even under Rule 25A, a party is given a chance to correct an omission before the document is stricken. Likewise, petitioner only seeks to correct the inadvertent omission that would aid the Court in its responsibility to assure the just, speedy, and inexpensive determination of the petition on its merits. Furthermore, having already been denied by the <u>Anders Brief</u>, your petitioner's request is reasonable under the circumstances and will not prejudiced the Respondent, but will best serve the ends of justice and all parties concerned.

7.  Petitioner shows the Court has the authority and jurisdiction to grant the relief by the timely filing of the petition for the writ, albeit timely filed under the amendment of Rule 39 (f) effective June 1, 2002. It is clear, with the argument in support of petition stricken; standing alone, the disallowance of the petition for the writ would be warranted and where petitioner's timely prayers to correct the inadvertency denied as moot by the highest State Court.

WHEREFORE, your petitioner respectfully moves the Honorable Court to reconsider its notice and allow your petitioner, at least, to substitute (rename) the

3

brief in support of petition to the Petition for the Writ. To reconsider the merits of the request would accord your petitioner; at the very least, the opportunity to present some argument in support whereby the Court may assure the just, speedy, and inexpensive determination of the petition on its merits. It is so prayed and respectfully submitted in good faith.

Done this the 3rd day of November 2005.

*Jeffery Baker Jr.*, Petitioner
1353 County Road 3348
Brundidge, Alabama 36010
(334) 735-3548

### CERTIFICATE OF SERVICE

I hereby certify that I have this day, November 3, 2005, served the forgoing motion for reconsideration upon the Alabama Attorney General with postage pre-paid and affixed and properly addressed as follows:

Hon: Troy King Attorney General,
State of Alabama
11 South Union Street
Montgomery, Alabama 36130

*Jeffery Baker Jr,*