IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JEFFERY BAKER, JR.,               *

      Petitioner,           *

        v.                *       2:06-CV-201-MHT
                                   (WO)

RUSSELL THOMAS, SHERIFF, *et al*.,   *

      Respondents.     *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

_____This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Jeffery Baker, Jr.  Petitioner challenges his conviction for harassment, in violation of Ala. Code § 13A-11-8(a), entered against him by the Circuit Court for Pike County, Alabama, on March 1, 2005.  The trial court sentenced Petitioner to 90 days in jail, suspended, with 30 days to serve and two years probation.[1]  (*Doc. No. 8, Exh. A*.)

Petitioner appealed his conviction. Appellate counsel filed an *Anders* [2] brief and a motion to withdraw.[3]  Petitioner also presented several *pro se* issues for review. On August

_____

[1]Petitioner was originally convicted of harassment in the District Court for Pike County and fined $100.00.  Petitioner appealed this conviction for a trial *de novo* in the Circuit Court for Pike County.

[2]*Anders v. California*, 386 U.S. 738 (1967).

[3]Trial counsel's request to withdraw was granted.

19, 2005 the Alabama Court of Criminal Appeals affirmed Petitioner's conviction and sentence. The appellate court denied Petitioner's application for rehearing on October 7, 2005.  On February 10, 2006 the Alabama Supreme Court denied Petitioner's petition for writ of certiorari and issued a certificate of judgment.  (*Doc. No. 8, Exhs. B-G.*)

In his petition for habeas corpus relief filed on March 1, 2006, Petitioner presents the following claims for relief:

1.  Appellate counsel was ineffective for filing an *Anders* brief;

2.  The evidence was insufficient to sustain his conviction;

3.  The verdict was contrary to law where Petitioner lacked intent to harass, alarm, or annoy the victim and the only basis for the charge against him was the victim's desire to abate criminal liability;

4.  Petitioner was denied effective assistance of trial counsel:

a. When counsel's sudden illness impaired his mental and physical functioning thereby depriving Petitioner of a jury composed of a fair cross section of the community and his right to favorable witnesses;

b.  When trial counsel failed to admit two of the State's exhibits which were used to impeach Petitioner's testimony which resulted in the jury not being able to consider the documents; and

c.  When trial counsel failed to advance Petitioner's defense strategy;

5.  Petitioner's due process and equal protection rights were violated when he was subjected to vindictive and/or selective prosecution;

6.  Petitioner was subjected to *Batson* violations;[4]

7.  The trial judge failed to disqualify himself from presiding over Petitioner's trial; and

8.  Petitioner was subjected to an excessive sentence.

In their answer, as supplemented, Respondents maintain that Petitioner's claims were properly adjudicated on the merits by the state courts. (*Doc. Nos. 8, 16*.)  *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).  Petitioner took advantage of the opportunity granted to respond to the Respondents' contentions. (*See Doc. 18*.)  After reviewing the § 2254 petition, Respondents' answer and supplemental answer, and Petitioner's response, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

*A.  Standard of Review*

To prevail on his § 2254 claims adjudicated on the merits by the state courts, Petitioner must show that a decision by the Alabama state courts was "contrary to, or

---

[4]*Batson v. Kentucky*, 476 U.S. 79 (1986).

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2);[5] *see Williams*, 529 U.S. at 412-13. A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Id*. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (*citing Williams*, 529 U.S. at 409). It is the objective

---

[5]28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1)     resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)     resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

reasonableness, not the correctness *per se*, of the state court decision that this court must

decide. *See Williams*, 529 U.S. at 411; *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001).

Federal district courts are likewise directed to determine whether the state court based

its findings on "an unreasonable determination of the facts in light of the evidence presented

in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of

fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of

rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §

2254(e)(1). However, even when the state court addresses a question of law, this court is not

authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of §

2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003). The Supreme Court admonishes that

such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. §

2254(d). . . " *Id*. at 636. Additionally, a state court's summary rejection of a federal

constitutional issue qualifies as an adjudication on the merits under § 2254(d) so that the

summary rejection is entitled to the same deference as a written opinion. *See Wright v. Sec.*

*of Dept. Of Corr.,* 278 F.3d 1245, 1254 (11th Cir. 2002).

*B. Ineffective Assistance of Appellate Counsel*

Petitioner complains that appellate counsel rendered a deficient performance because

he filed an *Anders* brief.[6] By doing so, Petitioner argues that appellate counsel failed to

---

[6]In *Anders v. California,* 386 U.S. 738 (1967), the United States Supreme Court established a
procedure for appellate counsel when counsel believes that there is no merit to the appeal.

undertake a conscientious examination of the entire record. (*Doc. No. 2 at 5-7.*)

To prevail on an ineffective assistance of counsel claim a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U. S. 668, 687-94 (1984). This *Strickland* standard applies to a court's examination of the performance of counsel at the trial or appellate level. *See Evitts v. Lucy*, 469 U.S. 387, 396 (1985); *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). In *Smith v. Robbins,* 528 U.S. 259, 285 (2000), the Supreme Court held that the *Strickland* standard also applies in cases where counsel files an *Anders* no-merit brief.

In order to satisfy the deficient representation prong, a petitioner must show that counsel failed to discover non-frivolous issues and to file a merits brief raising them. *Id.* When reviewing the reasonableness of an attorney's decision not to raise a particular claim, a court must consider "all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland,* 466 U.S. at 691. *See also Jones v. Barnes*, 463 U.S. 745, 752 (1983). To determine whether a defendant was prejudiced by his attorney's failure to raise a particular issue, a determination must be made as to whether the issues a defendant maintains his counsel should have raised "contain[ed] sufficient merit - actual or arguable - that his appellate counsel can be faulted for not having raised them." *Miller v. Dugger,* 858

-6-

F.2d 1536, 1538 (11ᵗʰ Cir. 1988) (internal quotations and citations omitted).

"The filing of an *Anders* brief does not in itself constitute ineffective assistance of counsel." *Jorge v. United States,* 818 F. Supp. 55, 57 (S.D.N.Y.1993) (citing *McCoy v. Court of Appeals of Wisconsin District 1,* 486 U.S. 429, 442-44 (1988). Here, Petitioner has failed to demonstrate that appellate counsel's filing of an *Anders* brief constituted deficient performance. Petitioner has also not shown how he was prejudiced by counsel's conduct. He fails to set forth any non-frivolous argument that appellate counsel should have filed on appeal which thereby made the filing of an *Anders* brief ineffective. Petitioner submitted numerous issues in his *pro se* brief to the appellate court which rejected his arguments. Petitioner has made no showing of either deficient performance or prejudice regarding his appellate counsel. This claim is due to be denied as Petitioner has not shown, as required by § 2254(d), that the appellate court's decision on this claim was contrary to federal law or an unreasonable determination of the facts in light of the record evidence.

*C. Sufficiency of the Evidence*[7]

Petitioner alleges that the state court's determination that there was sufficient evidence

---

[7]While Petitioner submits as a separate ground for relief that the verdict was contrary law (*see Doc. No. 2 at 9*), such claim essentially re-states his sufficiency of the evidence claim and shall, therefore, not be addressed separately. The court notes that in his argument claiming that the verdict was contrary to law, Petitioner asks the court to view the evidence of record in a light that is most favorable to him, rather than in a light most favorable to the jury's verdict and/or to evaluate and weigh the evidence in the same manner as a jury. The court's standard of review in this habeas corpus application is clearly delineated in Part II.A. *See* 28 U.S.C. § 2254(d); *Williams* 529 U.S. 362; *see also Jackson v. Virginia*, 443 U.S. 307 (1979); *Duncan v. Stynchcombe,* 704 F.2d 1213, 1215 (11ᵗʰ Cir. 1983).

to sustain his conviction for harassment is contrary to clearly established federal law.

Petitioner challenges the sufficiency of the evidence used to convict him claiming that the

victim was the initial aggressor who initiated unlawful contact with him, and therefore, the

victim could not be harassed, annoyed or alarmed by Petitioner as is required by Ala. Code

§ 13A-11-8(a).[8] (*Doc. No. 2 at 7-9.*)

The Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction

"except upon proof beyond a reasonable doubt of every fact necessary to constitute the

crime." *In re Winship,* 397 U.S. 358, 364 (1970). Under § 2254 , habeas relief on a claim of

insufficient evidence is appropriate only "if it is found that upon the record evidence adduced

at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."

*Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see also Lewis v. Jeffers*, 497 U.S. 764, 781

(1990).

> But this inquiry does not require a court to "ask itself whether it
> believes that the evidence at the trial established guilt beyond a
> reasonable doubt." ... [I]nstead, the relevant question is whether,
> after viewing the evidence in the light most favorable to the
> prosecution, <u>any</u> rational trier of fact could have found the
> essential elements of the crime beyond a reasonable doubt.

---

[8] Ala. Code § 13A-11-8(a)(1) provides:

A person commits the crime of harassment if, with intent to harass, annoy, or alarm another person, he or she either:

a. Strikes, shoves, kicks, or otherwise touches a person or subjects him or her to physical contact.

*Jackson,* 443 U.S. at 318-319. To be sufficient, the "evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Harrell*, 737 F.2d 971, 979 (11th Cir.1984). Sufficiency claims are judged by the elements defined by state law. *Jackson,* 443 U.S. at 324 n.16.

Petitioner raised his challenge to the sufficiency of the evidence on direct appeal. The Alabama Court of Criminal Appeals reviewed the evidence in the record and rejected this claim. (*Doc. No. 8, Exh. C.*) Because this claim was raised in state court and rejected, the court must deny habeas relief unless one of the two exceptions found in § 2254(d) applies. *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001). Having independently reviewed the record, the arguments presented by the parties, applicable statutes, and controlling case law, the undersigned finds that Petitioner has not met his burden in this regard. Petitioner is, therefore, not entitled to habeas relief on this claim.

## D. Ineffective Assistance of Counsel

To show a violation of his constitutional right to counsel, Petitioner must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland,* 466 U.S. at 686; *Williams,* 529 U.S. at 390. In applying *Strickland,* the court may dispose of an ineffective assistance claim if Petitioner fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697.

In assessing the performance of counsel, "a court must indulge a strong presumption that counsel's conduct falls "within the wide range of reasonable professional assistance; that is, [Petitioner] must overcome the presumption that, under the circumstances, the

challenged action 'might be considered sound trial strategy.' " *Strickland*, 466 U.S. at 689 (citation omitted); *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007). Counsel's conduct must be evaluated from the perspective at the time the relevant decision was made and without the distortion of hindsight. *Strickland*, 466 U.S. at 689. *See Lancaster v. Newsome,* 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").

With regard to the prejudice requirement, Petitioner must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland,* 466 U.S. at 694. Focusing solely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell,* 506 U.S. 364, 369-70 (1993). Petitioner, therefore, must establish "that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Id.* at 369 (quoting *Strickland,* 466 U.S. at 687). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.' " *Dingle,* 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983).

Petitioner contends that counsel appeared at trial in a state of mental and physical duress due to a sudden illness. As a result of his physical and mental impairments, Petitioner maintains that trial counsel was unable to function with that amount of skill and knowledge

necessary to subject Petitioner's case to a reliable adversarial testing process. Trial counsel's condition, Petitioner avers, also deprived him of a jury composed of a fair cross section of the community and his right to favorable witnesses. (*Doc. No. 2 at 17.*)

To establish ineffective assistance, Petitioner must provide factual support for his contentions regarding counsel's performance. *See Smith v. White,* 815 F.2d 1401, 1406-07 (11th Cir. 1987). While the record shows that trial counsel did not feel well at the time of trial, he indicated to the court that he was able to make an opening statement and question at least a couple of witnesses. (*Doc. No. 8, Exh. A at TR. 55-56, 58.*) Petitioner's bare and conclusory allegation that counsel rendered an unreasonable performance due to feeling somewhat under the weather and that his condition caused Petitioner to be denied a jury composed of a fair cross section of the community, without more, is simply insufficient to satisfy the *Strickland* standard. *See Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991).

Petitioner next contends that trial counsel failed to call favorable witnesses. Specifically, he contends that counsel failed to call two state troopers who would have testified as to Petitioner's good demeanor which would have contradicted the testimony of two state witnesses who testified that Petitioner had engaged in unruly and disruptive conduct during the incident which led to his harassment conviction. Petitioner also asserts that trial counsel acted objectively unreasonable by releasing his best defense witnesses (Russell Thomas, Jake Wingard, and Kathy Waters) who would have provided trustworthy testimony, and by failing to discover the identity of jail trustees who would have testified to their

observations surrounding the events which led to harassment charges being lodged against Petitioner. Finally, Petitioner contends that rather than call a witness (former Judge McAliley) who would have been a very good character witness for Petitioner, this individual's testimony from a prior criminal proceeding involving Petitioner was read into the record. Petitioner complains, however, that counsel acted unreasonably by stipulating to this witness' prior testimony that Petitioner's reputation for truth and veracity in the community was good but only up until the date of the event which led to harassment charges being brought against him. Petitioner contends that counsel's decision to agree to this stipulation damaged Petitioner's credibility in the eyes of the jury. (*Doc. No. 2 at 17-21.*)

In the instant proceeding, Petitioner may not simply state that a putative witness' testimony would be favorable. Such self-serving speculation alone cannot support an ineffective assistance of counsel claim. *See United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir.1991) (stating that evidence about testimony of putative witness must be presented in form of actual testimony or affidavit). Petitioner has not provided affidavits from any of the proposed witnesses which he complains were not called, and furthermore, he has failed to specifically identify some of his purported witnesses. *See United States v. Schaflander,* 743 F.2d 714, 721 (9th Cir. 1984) ("[T]o successfully assert that trial counsel should have called a witness, a petitioner must first make a sufficient factual showing substantiating the proposed witness testimony.").

Here, Petitioner has the burden of providing specific information as to the evidence which could have been obtained had counsel called the witnesses in question and of

demonstrating whether such testimony would have produced a different result.  He has failed to make the necessary factual showing, however, and thus, his mere conclusory allegations are insufficient to compel a finding that trial counsel was ineffective for failing to call the alleged witnesses to testify.  *See Strickland*, 466 U.S. at 694. *See generally Fortenberry v. Haley,* 297 F.3d 1213, 1228 (11th  Cir. 2002) ( "[T]he absence of exculpatory witness testimony from a defense is more likely prejudicial when a conviction is based on little record evidence of guilt.").

Petitioner argues that trial counsel failed to admit into evidence two State exhibits marked for identification and used to impeach Petitioner's testimony.  Petitioner argues that counsel's failure to use the documents to rehabilitate him or, at the least, have them admitted into evidence for the jury to use during deliberation constituted ineffective assistance.  According to Petitioner, the exhibits in question were his own affidavits which "show[ed] all the actions of the party participants on September 6, 2002," and "[c]ounsel's decision not to admit the evidence (affidavits) deprived the jury of significant evidence for their deliberation." (*Doc. No. 2 at 21-22.*)

The record shows that the jury heard testimony from both prosecution and defense witnesses. Petitioner also testified.  He fails to indicate what "significant evidence" was contained in the exhibits in question which was not or could not have been elicited through direct and cross examination of the witnesses during the trial.   Petitioner's assertion in this regard is no more than a conclusory allegation challenging trial counsel's performance.  He presents no factual evidence to demonstrate that in the absence of trial counsel's alleged

shortcoming, the outcome of his trial would have been different.   Moreover, counsel's conduct is properly considered as one of the myriad tactical decisions that trial counsel makes during the course of representing a defendant which are entitled to substantial deference on collateral review.  *Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that the challenged action might be considered sound trial strategy.") (citations omitted). Upon its own independent review of the record, the court finds that  Petitioner has failed to establish that the state  court's decision rejecting his challenges to trial counsel's performance was contrary to the *Strickland* standard or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d). Thus, Petitioner is not entitled to habeas relief on this claim.

### E.  Selective/Vindictive Prosecution

Petitioner argues that his due process and equal protection rights were violated because  he was singled out for selective and/or vindictive prosecution.  According  to Petitioner, the  criminal charge for harassment  pressed against him was a "by-product" of criminal charges he sought to bring against various county employees and employees of the State of Alabama for "unlawful conduct and improper closing of federal and state offices in the Pike Courthouse on September 6, 2002."  He maintains that  law enforcement officials pursued the harassment charge against him basically in retaliation and punishment for

Petitioner's efforts in seeking to file analogous harassment charges against Pike County law enforcement personnel based on the events which occurred at the Pike County Courthouse on September 6, 2002.  (*Doc. No. 2 at 24-27.*)

"In our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." *Wayte v. United States,* 470 U.S. 598, 607 (1985). " '[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.' " *Id*. (quoting *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978). This discretion is "particularly ill-suited to judicial review."  *Id*. The prosecutor's discretion is not, however, unfettered; "[s]electivity in the enforcement of criminal laws is . .  subject to constitutional constraints." *Id*. at 608 (quoting *United States v. Batchelder*, 442 U.S. 114, 125 (1979)).  Thus, "the decision to prosecute may not be based 'upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Id*. (quoting *Bordenkircher,* 434 U.S. at 364).

To establish a claim of selective prosecution, Petitioner must show that he was singled out for prosecution when others, similarly situated, have committed the same act and have not been prosecuted and that he was invidiously selected for prosecution.  *Jones v. White*, 992 F.2d 1548, 1571 (11th Cir. 1993). To establish a vindictive prosecution claim, Petitioner must show that "(1) the prosecutor acted with genuine animus toward the defendant, and (2) the defendant would not have been prosecuted but for that animus."  *United States v. Goodwin*, 457 U.S. 368, 372 (1982).

-15-

Based on the record evidence before it, the court finds that Petitioner has failed to demonstrate that he is entitled to habeas relief with respect to his claim of selective and/or vindictive prosecution. He presents no evidence in support of his selective prosecution claim inasmuch as he fails to identify any "unjustifiable standard" underlying the State's decision to prosecute him for harassment. Likewise, Petitioner points to no evidence in support of his claim of vindictive prosecution. His support for this vindictive prosecution claim is no more than a bare assertion that the harassment charge against him was essentially manufactured as a means by which Pike County law enforcement personnel would not have to enforce violations of the law against themselves and was designed to thwart his efforts to pursue an analogous criminal charge against that person or persons charged with upholding the law. The court, however, finds no evidence to support a claim of actual vindictiveness nor evidence which would support a presumption of improper motive in prosecuting Petitioner. Additionally, the court finds no evidence in the record to support the allegation that the harassment charge was fabricated.

Having independently reviewed the record, the court concludes that the state appellate court's decision with regard to Petitioner's selective/vindictive prosecution claim was neither contrary to controlling federal law nor an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Petitioner, is therefore, not entitled to habeas relief.

*F. Trial Judge Bias*

Petitioner asserts that the bias or prejudice of a trial judge, to be a disqualifying factor,

"must be personal and of a deep rooted animus that a fair minded person could not be expected to set it aside in judging [a] certain person or cause before the court." (*Doc .No. 2 at 30.*)   According to Petitioner, animus of the trial judge presiding over his criminal proceedings stemmed from challenges  he has made to the bench and bars of both Houston and Pike Counties resulting in the recusal of all circuit and district judges in those counties. (*Id.*)

It is fundamental that a fair trial "requires the absence of actual bias in the trial of cases." *See In re Murchison*, 349 U.S. 133, 136 (1955).  The Due Process Clause of the Fourteenth Amendment requires  " 'a fair trial in a fair tribunal' before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley,* 520 U.S. 899, 904-05 (1997) (quoting *Withrow v. Larkin,* 421 U.S. 35, 46 (1975) "[T]o perform its high function in the best way 'justice must satisfy the appearance of justice.'" *Murchison*, 349 U.S. at 136 (quoting *Offutt v. United States*, 348 U.S. 11, 14 (1954).

Here, Petitioner cites to  no detrimental or prejudicial rulings by the trial judge  nor does he point to any areas  where the trial judge gave an appearance of bias in his rulings. The mere allegation of judicial bias or prejudice  unsupported by references to the record cannot in and of itself establish a federal constitutional violation.  *Aetna Life Ins. Co. v. Lavoie,* 475 U.S. 813, 820-21 (1986); *Gramley,* 520 U.S. at 904-05 (questions concerning a judge's partiality or intervention rarely rise to the level of a constitutional claim because the Due Process Clause "establishes a constitutional floor, not a uniform standard." ); *see*

*also Liteky v. United States*, 510 U.S. 540, 555-556 (1994).   Petitioner has presented no reasonable basis on which to question the trial judge's impartiality nor is there any support in the record for this claim. Accordingly, this claim is due to be denied as Petitioner has not shown, as required by § 2254(d), that the appellate court's decision rejecting this claim was contrary to federal law or an unreasonable determination of the facts in light of the record evidence.

## G.  Batson Violation

Petitioner next contends that his constitutional right to equal protection, guaranteed in *Batson v. Kentucky*, 476 U.S. 79 (1986), was violated when the prosecutor exercised peremptory challenges to remove black persons from the jury venire.   According to Petitioner, ten of the State's 18 strikes were based on race without the prosecutor providing any race-neutral reasons for said strikes. (*Doc. No. 2 at 29.*)

Neither the State nor the defendant may engage in race-based exclusions of potential jurors through peremptory challenges, regardless of whether the defendant and the excluded juror(s) share the same races. *Batson*, 476 U.S. 79, *Powers v. Ohio*, 499 U.S. 400, 402 (1991). A *Batson* challenged has three distinct steps. First, the defendant must establish a prima facie case of discrimination. *Batson*, 476 U.S. at 97. If the defendant makes the requisite showing, then the burden shifts to the prosecution to come forward with a race-neutral explanation for its peremptory challenges. *Id.* At this point, the prosecutor's proffered reasons "need not be 'persuasive or even plausible . . . the issue is the facial validity of the prosecutor's explanations.' " *McNair v. Campbell,* 416 F.3d 1291, 1310 (11th Cir. 2005

(quoting *Purkett v. Elem,* 514 U.S. 765, 768 (1995) (internal quotation omitted)). Once both parties have satisfied their initial burdens, then "the trial court has the duty to determine if the defendant has established purposeful discrimination." *Batson,* 476 U.S. at 98. At this stage of the inquiry, the trial court must "assess the plausibility of that reason in light of all the evidence with a bearing on it." *Miller-El v. Dretke*, 545 U.S. 231, 251 (2005); *see also McNair,* 416 F.3d at 1310.

The record reflects that after certain jurors were struck for cause without objection, the State and the defendant were given time to select a jury. After the jury was seated, the following discussion took place:

MR. TAYLOR: Your Honor, we would make a motion - - it would appear from the strikes that the strikes were disproportionately based on race.  And we would ask for a clarification with regard to out of 10 out of 18 strikes were based on race on a Batson issue. We would raise a Batson issue on that, Judge.

THE COURT: Do you have anything that you want to put on in that regard, other than your argument:

MR. TAYLOR: Just our argument.

THE COURT: Mr. Whigam.

MR. WHIGHAM: Judge, the State's position is there is no prima facie case of Batson in this case.  There are five blacks on the jury.  That's consistent with what the panel was when we started the panel.  And it's just they have not met the prima facie case.

THE COURT: Yeah.  It's just a statement without any evidence, and I would tend to

agree with Mr. Whigham. There are five African-Americans on this jury panel. And the defendant has not made a prima facie showing regarding Batson issue. And the motion is denied.

(*Doc. No. 8, Exh. A at TR. 54-55.*)

Petitioner argues that because the prosecutor failed to "elicit from the venire during voir dire any race-neutral reasons for striking the black veniremen," such raises an inference that the prosecutor used his peremptory challenges to strike blacks from the jury venire solely on account of their race. He does not, however, point to any other facts or reasons to support his claim that an inference of discrimination has been raised.[9]

Petitioner fails to state a claim under *Batson*, 476 U.S. 79. His mere contention that the prosecutor exercised his peremptory challenges to remove blacks from the jury panel is insufficient to make out a prima facie case of purposeful discrimination. This is because Petitioner must do more than simply point out "the bare fact of the removal of certain venirepersons and the absence of an obvious valid reason for the removal." *United States v. Allison*, 908 F.2d 1531, 1538 (11th Cir. 1990) (quoting *United States v. Young-Bey*, 893 F.2d 178, 179 (8th Cir. 1990)). "Numbers alone are not sufficient to establish or negate a prima facie case." *Id*. (quoting *United States v. Moore*, 895 F.2d 484, 485-86 (8th Cir. 1990)).

---

[9]The evidence before the court reflects that Petitioner is black and that there were five black persons selected as jurors. Thus, the percentage of blacks on the jury (including an alternate) was thirty-eight percent. The court cannot discern from the record how many blacks made up the pool of potential jurors or even whether defense counsel struck any black persons. The record reflects that there was a total of 54 persons on on the jury panel of which six were challenged for cause leaving a remaining pool of 48 jurors. (*Doc. No. 8, Exh. A at 505.*) Notwithstanding the presence of black jurors on Petitioner's jury panel, the court is cognizant that such presence, while significant, does not necessarily preclude a finding of racial discrimination. *United States v. Allison*, 908 F.2d 1531, 1537 (11th Cir. 1990).

"[T]he Defendant must identify facts and circumstances that support the inference of discrimination, such as a pattern of discriminatory strikes, the prosecutor's statements during voir dire suggesting discriminatory purpose, or the fact that white persons were chosen for the petit jury who seem to have the same qualities as stricken black venirepersons." *Young-Bey*, 893 F.2d at 180 (citing *Batson*, 476 U.S. at 96-97).

Upon it's own independent review of the record, the court finds that the appellate court's decision rejecting Petitioner's *Batson* challenge was not contrary to clearly established federal precedent nor an unreasonable application of the facts in light of the evidence presented. Petitioner, therefore, is not entitled to habeas relief on this claim.

## H. Excessive Sentence

Petitioner maintains that his sentence was disproportionate to the severity of his crime, and thus, constitutionally excessive. (*Doc. No. 2 at 30-31*.) A state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief. *Beverly v. Jones,* 854 F.2d 412 (11th Cir. 1988). A federal court is not concerned with violations of state law unless the violation raises federal constitutional problems. *Wilcox v. Ford,* 813 F.2d 1140, 1145 n. 7 (11th Cir. 1987). A federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit established by state law. *See McCullough v. Singletary,* 967 F.2d 530, 535-36 (11th Cir. 1992). If the sentence imposed by a state court is within the range established by state law, "its severity is not sufficient grounds for relief on federal habeas corpus." *United States ex rel. Sluder v. Brantley,* 454 F.2d 1266, 1269 (7th Cir. 1972).

Here, the trial court sentenced Petitioner to a term of ninety days for his conviction for harassment, a class C misdemeanor, but suspended the sentence and ordered him to serve thirty days.  This sentence does not exceed the statutory maximum of three months' incarceration prescribed in Ala. Code § 13A-5-7(a)(3).  The state court did not violate Petitioner's federal rights by sentencing him to a term within the limit set by the Alabama legislature.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Jeffery Baker, Jr., be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 19, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 5[nd] day of May 2008.

    /s/   Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE